JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2284 JGB (DTBx)** | Date | April 17, 2026 |
|---|---|---|---|
| Title | *Darlene Chambers v. HDSI Management, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On September 2, 2025, plaintiff Darlene Chambers ("Plaintiff") filed a complaint against defendants HDSI Management, Inc., Oasis Senior Villa, Ana Ward, Teresa Preston, and Does 1-10 (collectively, "Defendants"). ("Complaint," Dkt. No. 1). On February 10, 2026, the Court issued an order setting a scheduling conference for March 9, 2026. ("Order Setting Scheduling Conference," Dkt. No. 30.) On March 3, 2026, the Court issued an order to show cause because the parties failed to timely file their joint rule 26(f) report by February 23, 2026 and ordered the parties to file their joint rule 26(f) report by March 9, 2026. (Dkt. No. 30.) On March 9, 2026, Defendants filed the joint rule 26(f) report. ("Report," Dkt. No. 33.) In the Report, Defendants stated they were unable to contact Plaintiff and Plaintiff had failed to reach out to them. (See id.) They further noted that Plaintiff's phone appears to be disconnected and that Plaintiff may be homeless. (Id. at 1.) As such, the Report was not jointly filed although it was so titled. (Id.) On March 19, 2026, the Court ordered Plaintiff to show cause for failure to prosecute "by failing to meet and confer with Defendants and timely file a Joint Rule 26(f) Report." ("OSC," Dkt. No. 35.) The Court ordered Plaintiff to show cause by April 2, 2026 and warned Plaintiff that failure to comply would result in default. (Id. at 2.) To date, Plaintiff has not shown cause as to why the instant action should not be dismissed.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc.,

542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Plaintiff has unreasonably delayed this action without explanation by failing to confer with Defendants and timely file a Joint 26(f) report.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . .  criminal and civil cases on its docket."  Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice Defendants, forcing them to spend needless resources defending this action.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay.").  Moreover, less drastic sanctions are not realistic.  The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**